**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 12, 2009[*]
Decided January 27, 2010

**Before**

JOHN L. COFFEY, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

| | |
|---|---|
| No. 09-2311 | |
| | Appeal from the United States District |
| ROBERT DAVIS, | Court for the Northern District of Illinois, |
|     *Plaintiff-Appellant*, | Eastern Division. |
| | |
|     *v.* | No. 08 C 6425 |
| | |
| LᴇCLAIR RYAN, P.C., | John W. Darrah, |
|     *Defendant-Appellee*. | *Judge*. |

**O R D E R**

Plaintiff Robert Davis, a Vietnam veteran, was denied a claim for service-connected disability benefits by the Department of Veterans Affairs and retained Attorney Daniel Krasengor from the law firm LeClair Ryan P.C. ("LeClair") (formerly Wright, Robinson, Osthimer & Tatum) to assist him in challenging the denial of his claim. Davis was dissatisfied with the lawyer's handling of his claim and filed suit against the law firm. The district court dismissed the complaint for lack of subject-matter jurisdiction and also ruled that Davis had failed to state a claim. We affirm.

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. Fᴇᴅ. R. Aᴘᴘ. P. 34(a)(2).

Davis is a Vietnam veteran , as previously stated, who served in active military service from 1961 until 1965 when he was honorably discharged.  In 1991 he was diagnosed with Post Traumatic Stress Disorder and applied for service-connected disability benefits two years later in 1993.  From 1993 to 2002, Davis represented himself in a number of proceedings before the Department of Veteran Affairs ("DVA"), the Board of Veteran Appeals ("BVA"), and the U.S. Court of Appeals for Veterans Claims ("CAVC") where his claim was initially denied but thereafter was eventually remanded back to the DVA on appeal.

Davis retained Krasnegor in 2002 to represent him at the remanded hearing but his claim was again denied by the DVA in 2004 and also denied by the BVA in 2006.  While the appeal before the CAVC was pending, Davis requested that Krasnegor file a waiver (order) to bar Judge Kennedy, a BVA judge who had twice previously denied his claim, from serving on any future panel that decided Davis's request for benefits if the CAVC remanded the case (which it did in 2007).  Krasengor responded to this request by informing Davis that it was his legal opinion that he could not make such a request unless Judge Kennedy had committed some extreme impropriety.  Following the CAVC remand, Davis and Krasnegor entered into a contingency fee agreement where Davis agreed to pay the law firm 20% of any benefits awarded less any fees paid to the firm under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  Shortly after signing the contingency fee agreement, Davis requested that Krasnegor file a waiver to prevent his claim from being remanded back to the DVA.  No waiver was ever filed and on September 30, 2007, the case was again remanded to the DVA.  Davis then terminated the contract with the law firm on October 1, 2007.  Thereafter, on October 2, 2007, LeClair filed an attorney's lien for 20% of any future benefits if granted and informed Davis that it would refund him for any legal fees that had already been paid under the EAJA.  Davis was finally granted benefits on August 7, 2008, with Judge Kennedy on the panel, and LeClair's lien on those benefits was $20,646.  LeClair received $18,142 in EAJA fees but asserts that it has not received any amount from the awarded benefits or by Davis directly, and claims that it is still owed roughly $2,500.

When Davis filed this complaint in November 2008, he invoked diversity jurisdiction, 28 U.S.C. § 1332, claiming that LeClair had caused him "pecuniary and emotional damages" resulting from what he alleges to be legal malpractice, breach of contract/fiduciary duty, and intentional infliction of emotional distress when Krasegnor failed to file a request that Judge Kennedy be disqualified from serving on the panel that decided Davis' claim for benefits.  The court granted LeClair's motion to dismiss for lack of subject matter jurisdiction concluding that Davis had failed to satisfy the $75,000 amount in controversy requirement for diversity jurisdiction.  *See* 28 U.S.C. § 1332(a).  On appeal, Davis argues that the trial court made a number of errors, both legal and factual.

When the defendant (LeClair) challenges the plaintiff's allegation of the amount in controversy, the plaintiff cannot merely rest on his complaint alone but must establish that he has satisfied the jurisdictional threshold by a preponderance of the evidence. *McMillian v. Sheraton Chi. Hotel & Towers*, 567 F.3d 839, 844-45 (7th Cir. 2009); *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006). To satisfy the amount in controversy requirement, the plaintiff "must come forward with competent proof that [he has] satisfied the jurisdictional threshold and not simply point to the theoretical possibility of recovery for certain categories of damages." *McMillian*, 567 F.3d at 845.

In this case, LeClair contested the amount in controversy asserting that the dispute is limited to $2,500, the amount LeClair claims that Davis still owes above what the EAJA already has paid. Since LeClair contested the amount in controversy, Davis was required to establish how his claims fulfilled the jurisdictional threshold. On appeal Davis responds that LeClair wrongfully received the $18,142 in EAJA fees and repeats the same arguments he made in his complaint. But Davis' complaint lacks "competent proof" that he could prove damages for legal malpractice, breach of contract/fiduciary duty, and intentional infliction of emotional distress that would satisfy the jurisdictional threshold. *See McMillian*, 567 F.3d at 845. Without question Davis obtained benefits with LeClair's assistance but the plaintiff has failed to demonstrate how his benefits were either reduced or delayed by the law firm's faulty representation. Further, he has failed to provide evidence to substantiate his damages claim and relies upon only speculation that he can meet the jurisdictional threshold. Since Davis failed to offer evidence to satisfy the jurisdictional threshold, we are convinced that the district judge properly determined that it lacked subject-matter jurisdiction to address Davis's claims and because we have found that the district court lacked subject-matter jurisdiction, we need not address LeClair's alternative argument that Davis's complaint fails to state a claim.

AFFIRMED.